UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MURPHY,

                 Plaintiff,

v.                                                      Case No. 20-cv-22-pp

T. KLUGE, M. HILLE, JAMES MUENCHOW,
C. O'DONNELL, and WISCONSIN
DEPARTMENT OF CORRECTIONS,

                 Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (DKT. NO. 13)

---

On April 30, 2020, the court screened plaintiff Shawn Murphy's complaint under 28 U.S.C. §1915A and dismissed it for failure to state a claim. Dkt. No. 11. The plaintiff has filed a motion to amend judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 13. The court will deny the plaintiff's motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can

1

demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In screening the complaint, the court determined that the plaintiff failed to state an access-to-the-courts claim:

> The plaintiff alleges that upon revocation of his probation, the sentencing court illegally considered inaccurate information from "allegation seven" to sentence him to twenty years. The plaintiff alleges that he did not have meaningful court access, which resulted in the Wisconsin Court of Appeals' dismissal of his habeas petition on a technical error.
>
> In Murphy v. Kamphuis, Case No. 16-cv-1462-PP (E.D. Wis.), the plaintiff raised an access-to-the-courts claim related to the same probation revocation proceedings. In that case, the plaintiff argued that the March 30, 2015 thirty-day blanket denial of his ability to obtain a legal loan prevented him from filing a petition for review with the Wisconsin Supreme Court. Murphy, 16-cv-1462, Dkt. No. 108 at 34. The plaintiff stated that he had until April 23, 2015 to file his petition and that the misguided suspension of his legal loan prevented him from doing so, that the judge sentenced him to prison on "probation lies" and that he remained in prison, and that the "actual injury was not getting to file the petition" about the State lying in the revocation summary given to the sentencing court. Id. at 34-35. At summary judgment, this court determined that while the thirty-day legal loan suspension could have prevented the plaintiff from timely filing a petition for review with the Wisconsin Supreme Court, the plaintiff could not show that he suffered an "actual injury" based on the defendants' actions. Id. at 35. The court explained, in part:
>
>> After the plaintiff's appointed appellate counsel filed a no-merit report under Wis. Stat. Rule 809.32, the court of appeals concluded that "the judgment may be summarily affirmed because there is no arguable merit

to any issue that could be raised on appeal." Dkt. No. 77-2 at 1-2. The court's opinion describes that in 2000, the plaintiff was convicted of first-degree sexual assault of a child after entering a guilty plea to the allegation that he had sexual contact with his stepdaughter. <u>Id.</u> at 2. At sentencing, the plaintiff was placed on probation for twenty-five years and in 2013, his probation was revoked. <u>Id.</u> He was sentenced to twelve years' initial confinement and eight years' extended supervision with 1,542 days of sentence credit. <u>Id.</u> The court of appeals explained that "an appeal from a sentencing after revocation is limited to issues raised by the events of the resentencing hearing and the judgment entered as a result of that sentencing hearing; the appeal does not bring the original judgment of conviction before the court." <u>Id.</u> The court stated that the no-merit report discussed the sentencing court's exercise of discretion and "[w]e agree with the report's conclusion that there is no arguable merit to a claim that the court erroneously exercised its discretion at sentencing or imposed a sentence that was excessive." <u>Id.</u>

Next, the court of appeals addressed the fact that the revocation summary provided to the sentencing court listed eight alleged violations of the conditions of probation, but at the revocation hearing the administrative law judge found three of the allegations unfounded. <u>Id.</u> The court determined that no issue of arguable merit arose from including the unproven probation violations in the revocation summary because the plaintiff's attorney had informed the court that the three allegations were not proven at the revocation hearing and because, just as the sentencing court may consider unproven offenses at sentencing, it may consider unproven allegations of probation violations. <u>Id.</u> at 2-3. The court of appeals also addressed the plaintiff's contention that his sentencing counsel was ineffective for not objecting to information in the revocation summary that was given during sex offender treatment group or to his agent as part of his sex offender treatment requirements. <u>Id.</u> at 3.

…

To establish an "actual injury," the plaintiff needs to present evidence demonstrating that he was prevented

3

> from pursuing a nonfrivolous, or potentially meritorious, legal action. See Harbury, 536 U.S. at 414-15; Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009). The plaintiff claims that the State lied to the judge and made up evidence, and that the defendants' preventing him from filing his petition "is actual injury." Dkt. No. 81 at 33. But the court of appeals thoroughly addressed the plaintiff's arguments and found that there was no arguable merit to any issue the plaintiff could raise on appeal, and the plaintiff has not presented proof that his claim has merit. See Love v. Scaife, 586 F. App'x 234, 236 (7th Cir. 2014) (at summary judgment, plaintiff compelled to present evidence that could convince a trier of fact that his post-conviction appeal raised arguable issues). The plaintiff's access-to-the-courts claim fails because he has not shown that the alleged lack of access caused him actual injury. See id. (citing Lewis, 518 U.S. at 349); see also Harbury, 536 U.S. at 416 ("[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). The court will grant the defendants' motion for summary judgment, and deny the plaintiff's motion as to his access to the courts claim.
>
> Id. at 35-36, 38-39 (emphasis added).
>
> In this case, the complaint does not allege that any defendant hindered the plaintiff's ability to pursue a legitimate challenge to his sentence. Based on the attachments to the plaintiff's complaint, the court perceives that he takes issue with defendant Kluge's failure to give him a legal loan to file a petition addressing the sentencing after revocation in his criminal case. Dkt. No. 1-1 at 3-4. But given the Wisconsin Court of Appeals' decision that there was no merit to a claim that the plaintiff was sentenced based on inaccurate information, as well as this court's decision on the plaintiff's access-to-the-courts claim regarding the sentencing (albeit on a different ground), the court cannot conclude that the plaintiff has any tenable theory or basis of suit.

Dkt. No. 11 at 7-9.

In his motion to amend the judgment, the plaintiff contends that he did establish an "actual injury." Dkt. No. 13 at 1. He says that the misconduct

4

alleged is denial of a legal loan for a §974.06 petition for writ of *habeas corpus*. Id. The plaintiff states that the filing of the §974.06 motion in the Wisconsin Court of Appeals "is nonfrivolous and is meritorious." Id. at 2. He says that in its September 27, 2013 DOC-1950 Revocation Summary, the state made allegations supported by statements that the state asserts are facts. Id. The plaintiff states that the sentencing court used allegation #7 and #8 as reasons for his sentence, evaluating his character and the alleged behaviors. Id. at 3.

This motion realleges the allegations the plaintiff made in his complaint. As explained at length in the court's screening order, these allegations do not state an access to the courts claim. The plaintiff has not shown that the court's order dismissing the complaint for failure to state a claim constituted a manifest error of law, and the court will deny the plaintiff's motion.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 16th day of June, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**